## HOLMES v. THE STATE.

In an information for bastardy under the statute, it is admissible to discredit the testimony of the mother, as complaining witness, by disproving what she swore to on the preliminary examination before the justice

ERROR, *to Muscatine District Court.*

*S. Whicher*, for the plaintiff in error.

*S. C. Hastings*, for the defendant.

*Opinion by* GREENE, J.   The proceedings in this case were commenced before a justice of the peace, under the statute providing for the support of illegitimate children.   The complaint was made by Mary M. Shuly, charging John Holmes with being the father of her bastard child.   On examination, the justice decided that the accused was the father of the child; but he, failing to make satisfactory compensation to the mother, and to give bond to the board of commissioners as required by law, the proceedings were certified to the district court, where he was found guilty, and judgment rendered against him.

It appears by the bill of exceptions, that on the trial the defendant proposed to prove by four witnesses, facts tending to discredit the testimony of the complaining witness, by disproving what she swore to on the preliminary examination before the justice, which proposal the court refused, and did not permit the testimony to go to the jury.   Without regarding even the common law rules of evidence as bearing upon this point, it is clearly settled by the 4th section of the act upon which these proceedings were commenced.   (*Rev. Stat.*, p. 200.)   In relation to the evidence of the mother of the illegitimate child, it declares that " her credibility shall be left with the jury: Provided, on the trial of the issue, the jury shall, in behalf of the man accused, take into consideration any want of credibility in the mother of the child; also any variation in her

testimony before the justice, and that before the jury, and also any other confession of hers, at any time, which does not agree with her testimony on any other plea, or process, made in behalf of such accused person." The statute evidently contemplates a full disclosure to the jury of the standing and character of the accusing witness, in order to bring all attainable light to bear upon her credibility. Truth, in such cases, can only be disclosed by a full and untrammeled investigation. The motives of peculiar interest by which the accuser is often actuated have, not unfrequently, resulted in screening the really guilty, and in punishing the innocent. Too much light cannot be thrown upon such transactions, by the discriminating test of cross-examination, and by thoroughly but relevantly disclosing circumstances bearing upon the credibility of the accusing witness. In this way the real facts in such cases can be the more conclusively ascertained, and hence our statute wisely directs such investigation. But aside from the statute, we regard it as a prevailing principle that prior contradictory evidence, or declarations of a witness, on being first interrogated in relation to them, are admissible for the purpose of discrediting his testimony. *Lamb* v. *Stewart,* 2 Ham. 230; 8 S. and R., 317; 2 Dev. and Bat., 244.

We can entertain no doubt, that the accused in the case at bar, was justly entitled to the evidence of those witnesses for the purpose of discrediting the testimony of the mother; and depriving him of it, was manifestly an error.

Judgment reversed.